IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 0:98-1126-JFA |
| ) | |
| v. ) | CORRECTED ORDER |
| ) | |
| ADRIAN HOWARD JACKSON ) | |

This matter is before the court upon remand of the United States Court of Appeals for the Fourth Circuit to determine whether a reduction in the defendant's sentence under 18 U.S.C. § 3582(c)(2) is applicable. *See* 4CCA No. 12-6167. Because the defendant's guideline sentencing range has subsequently been lowered by the United States Sentencing Commission pursuant to Amendment 750, the defendant's motion for a reduction of his sentence under § 3582 is granted and this corrected order is entered.

The defendant was convicted by a jury in 2000 of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base (Count 1) and conspiracy to provide firearms for use during a drug trafficking crime (Count 2). Based on a drug quantity adopted by this court in excess of 1.5 kilograms of crack cocaine, the presentence report calculated the defendant's original offense level at 42 (38 plus a 4-level adjustment for his role in the offense). Coupled with a criminal history category of I, the defendant's guideline range was 360 months to life. However, because the defendant's maximum sentence could not exceed 240 months, his guideline range became 240 months on Count 1. He was also subject to a mandatory 60-month consecutive sentence for Count 2. In May 2001, this court sentenced the defendant to 300 months imprisonment.

1

In August 2005, the government moved for a reduction of the defendant's sentence based on his substantial assistance pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. This court granted the motion and reduced the defendant's sentence on Count 1 from 240 months to 192 months—a reduction of 48 months or 20 percent.[1] This resulted in an amended sentence of 252 months (192 months on Count 1 and 60 months on Count 2).

As the Fourth Circuit noted in its recent order, this court inadvertently considered the defendant's 240 month *maximum* sentence as a 240 month *minimum* sentence, and thus incorrectly denied the defendant's motion. (See Order filed January 17, 2012, ECF No. 794).

Under Amendment 750, the defendant's amended offense level is now 38 (base offense level 34 plus 4-level adjustment for role in the offense) which produces a guideline range of 235 to 293 months. However, because the statutory maximum sentence is 240 months, the defendant's guideline range effectively becomes 235 to 240 months. In addition, applying the previous Rule 35 departure of 20 percent, this produces a new guideline range of 188 to 235 months on Count 1. The Rule 35 reduction does not apply to the defendant's 60 month consecutive sentence on Count 2.

Application of Amendment 750 to the defendant's sentence results in a sentencing range that is lower than the range applicable before Amendment 750, thus a reduction is authorized and appropriate.

Having considered such motion, and taking into account the policy statement set forth

---

[1] In *United States v. Stewart*, 595 F.3d 197 (4th Cir. 2010), the Fourth Circuit held that the "original term of imprisonment" means "the sentence the defendant is serving at the time he makes his section 3582(c)(2) motion." Thus, when a defendant is serving a below-guidelines sentence as a result of a Rule 35 motion by the government, if the defendant makes a motion under § 3582, his sentence may be further reduced comparable to the previous reduction received.

at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court hereby reduces the defendant's sentence to 188 months on Count 1, and Count 2 will remain at 60 months, for a total amended sentence of 248 months.

The Clerk is directed to enter an amended judgment.

IT IS SO ORDERED.

June 18, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge